O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:04-cr-01189-CAS |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| GABRIEL GONZALEZ, | ) | |
| Defendant. | ) | |

The Court is in receipt of defendant's miscellaneous motions. Dkts. 207, 208, 209, and 210. Having considered defendant's requests, the Court orders as follows:

1. Defendant requests a 30-day extension to file a reply brief in support of his pending motion for compassionate release or, in the alternative, home confinement. Dkt. 208. The Court **GRANTS** defendant's request. Defendant **SHALL** file his reply brief no later than **July 23, 2020**.

2. Defendant requests that the government serve him with a declaration that the government references in—but does not attach to—the government's opposition to defendant's motion. Dkt. 209. Specifically, the government's opposition refers to the declaration of Associate Warden Dr. Tanisha Hall,

which the government filed in a different case. The Court **GRANTS** defendant's request. On or before **July 2, 2020**, the government **SHALL** produce the Hall declaration to the Court, and the government **SHALL** serve the declaration on defendant.

3. Defendant avers that, in light of the COVID-19 pandemic, the Bureau of Prisons ("BOP") notified defendant that inmates at FCI Forrest City would "no longer be allowed to use the prison typewriter or otherwise access the legal materials available because we pose a health risk to others by potentially spreading the coronavirus." Dkt. 207. Accordingly, defendant seeks an order requiring "the prison at FCI Forrest City, Arkansas to give [defendant] access to basic legal materials[.]" Id. However, "[t]he Court does not interfere with day-to-day prison operations[.]" Lynn v. Lundry, No. 20-3116-EFM, 2020 WL 3270547, at *3 (D. Kan. June 17, 2020). Accordingly, the Court **DENIES** defendant's request for injunctive relief.[1]

---

[1] The Court reminds defendant that the Court may grant compassionate release when three requirements are met: "First, . . . the statute requires defendants to exhaust administrative remedies. Second, [the Court] may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' and 'that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.' Third, [the Court] must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). Courts have determined that "extraordinary and compelling" reasons for compassionate release exist "when the prisoner suffers from preexisting health conditions that might make a COVID-19 infection more lethal." United States v. O'Neil, No. 3:11-cr-00017, 2020 WL 2892236, at *6 (S.D. Iowa June 2, 2020). "However, . . . 'extraordinary and compelling' circumstances are [not] established by the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists." United States v. Van Cleave, No. 03-cr-247-RSL, 2020 WL 2800769, at *6 (W.D. Wash. May 29, 2020). In addition, prior to granting compassionate release, and "[e]ven where extraordinary and compelling reasons exist," the Court "must consider whether the defendant is 'a danger to the safety of any other person or to the community[.]'" United States v. Mondaca, No. 89-cr-00655-DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020).

4. Defendant also requests an order requiring the BOP or the Centers for Disease Control and Prevention "to disclose to him the purpose(s), focus, method(s), scope and result of any and all research studies completed by the CDC at FCI Forrest City . . . into the Covid-19 pandemic at the prison." Dkt. 210. At this juncture, defendant has not articulated a compelling basis for this overly broad discovery request. Accordingly, the Court **DENIES** defendant's "disclosure" request **without prejudice**. See Calderon v. U.S. Dist. Court for the N. Dist. of California, 98 F.3d 1102, 1106 (9th Cir. 1996) ("courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.").

**IT IS SO ORDERED.**

DATED: June 22, 2020

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE