# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:04-cr-01189-CAS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| GABRIEL GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On April 15, 2020, defendant Gabriel Gonzalez ("Gonzalez"), acting *pro se*, filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582 or, in the alternative, home confinement pursuant to the CARES Act of 2020. Dkt. 202. On August 6, 2020, this Court issued an order denying Gonzalez's motion for reduction of sentence without prejudice. Dkt. 217. ("Order").

Presently before the Court is Gonzalez's "Motion for Appointment of Counsel," which Gonzalez filed on September 9, 2020. Dkt. 224 ("Mot.). Gonzalez requests that the Court appoint counsel in this matter because "has recently experienced a rash of unexplained interference with his legal mail filings to this [C]ourt," due to the complexity of his case, and due to difficulties he has encountered related to the prison's handling of COVID-19. Mot.

In addition to the motion for appointment of counsel, the Court is currently in receipt of the following filings by Gonzalez that post-date the Court's August 6, 2020 order, each of which he appears to allege were delayed due to the "interference with his legal mail filings," Mot.: (a) a motion to allow filing of a supplemental reply, filed August 24, 2020; dkt. 218; (b) a supplemental reply motion, filed August 24, 2020; dkt. 220; (c) objections to the Court's August 6, 2020 order, filed August 25, 2020; dkt. 219; (d) a motion to seal proceedings, filed August 27, 2020; dkt. 221; (e) a motion for emergency protective order regarding a certain prescription medication, filed August 31, 2020; dkt. 222; and (f) a "reply to government's medical record inquiry," filed September 9, 2020. The majority of these additional filings were first postmarked in July or August 2020 but were returned to Gonzalez as undeliverable.

Gonzalez asserts that appointment of counsel is warranted to allow him to "fairly present his case without obstruction or delay" and contends that "obstruction" by prison officials "coincide[s] with the timing of this [C]ourt's order for discovery into Gonzalez' prison medical records" and has impacted his ability to file "approximately half-a-dozen pleadings and sets of exhibits." Mot. The Court is not obligated to appoint counsel for Gonzalez to provide general assistance in connection with his efforts to obtain post-conviction relief. See e.g. Garza v. Idaho, 139 S. Ct. 738, 749, 203 L. Ed. 2d 77 (2019) ("There is no right to counsel in postconviction proceedings."). Nor has Gonzalez raised any facts that render appointment of counsel appropriate at this time. Here, a review of the record indicates that Gonzalez's filings were returned to him as undeliverable because they were not directed to the correct address for filings via mail.[1] See e.g. Dkt. 218 at 2 (initially postmarked July 22, 2020 and addressed incorrectly to "312 N. Spring St. Room G-8, Los Angeles, CA 90012"). Likewise, the motion for appointment of counsel appears to have been returned to Gonzalez because it initially lacked sufficient postage. Mot. at 2. These

---

[1] The Court notes that all paper filings must be submitted to the Clerk of the Court at 255 E. Temple Street, Suite 180, Los Angeles, CA 90012-3332.

-2-

clerical errors do not support an inference that Gonzalez's mail has been handled inappropriately or otherwise "obstructed" by prison officials.

In any event, Gonzalez has not been prejudiced by any asserted difficulties in filing documents with this Court because the Court has permitted him to resubmit all filings that were returned to him as undeliverable by September 25, 2020.  See Dkt. 223.  Based on his series of successful filings beginning on August 24. 2020, Gonzalez is clearly now aware of the Court's filing requirements and able to submit any filings that have not yet been received by the Court to the correct mailing address.

Accordingly, at this juncture, the Court **DENIES** Gonzalez's motion for appointment of counsel **without prejudice.**

**IT IS SO ORDERED.**

DATED:  September 16, 2020

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE