Case 2:04-cr-01189-CAS   Document 230   Filed 09/28/20   Page 1 of 5   Page ID #:1252

FILED
CLERK, U.S. DISTRICT COURT
September 28, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CMJ___ DEPUTY

United States District Court
Central District of California

United States of America
Plaintiff

v.

Gabriel Gonzalez
Defendant, Pro Se

Case Number
2:04-CR-01189-CAS

Objection to court's order
denying appointment of counsel

Gabriel Gonzalez objects to this court's order denying appointment of counsel to this matter because the court has not identified and included several additional impediments warranting such appointment.

Gonzalez is grateful for this court's desire to expand this matter for inclusion of the several and many pleadings and exhibits he has attempted to serve upon this court. The continuing and pervasive lockdown at Gonzalez' prison has created a series of obstructions and impediments, beyond the control of this litigant, which severely reduces or outright restricts his ability to research important and relevant legal premises, develop appropriately constructed legal pleadings, and to timely send and receive legal materials to and from this court.

The prison's law library is still closed for the majority of days and affords only extremely limited access, usually inclusive of only once or twice per month for only about an hour's worth of research time. In addition, there are no typewriters or other word-processing devices available in the library for use and Gonzalez is only able to access a single typewriter from the administrative offices of his housing area twice a week when he is able to successfully wait his turn from among 160 other prisoners who share its usage. Being unskilled and untrained in formal litigation

practices, these impediments cumulatively and adversely affect Gonzalez' ability successfully research current caselaw on his issues, to properly cite and discuss the most important facts and points related to the court's standards and tests for failure to know what tests are available to use, and is unable to direct the court's attention to other relevant holdings related to the issues he now presents both within this Circuit and in sister-Circuits.

It has been a frustrating and sometimes futile effort for Gonzalez to try and access information related to this matter from off-site sources, especially confirmation that this court has received his pleadings in a timely manner. From the outset, Gonzalez has used the Spring Street address and has had no reason to believe the court had changed its mailing address. Gonzalez certainly received no notification that this was being done. However, when he began receiving his returned mail in August he sought assitance from a paralegal service who gave him this court's alternate address. Even so, Gonzalez has asked this court to provide him with a stamped-filed copy of each of his pleadings but continues to be excluded from this courtesy. (see Certificate of Service of Gonzalez' pleadings). Without this notification Gonzalez could have been aware of the interruption of his mail and would have taken prompt action to correct this deficit.

On 9/22/20 Gonzalez received this court's document number 223 which advised that the court has not yet received his 'Reply to Government's Medical Record Inquiry' motion. This is troublesome because there were exhibits included with that motion which may not be available for reproduction, even if Gonzalez could gain access to a copy machine or recover the tangible examples of PPE equipment offered by the prison for prisoner's use. Gonzalez does remember this reply motion as being one of the documents which was returned to him and was sent to this court reforwarded to the Temple Street location. Having received this document (223) through the prison's regular internal mail system, there is virtually

no time for Gonzalez to recreate, with the exhibits, his reply motion within the time afforded him by the court. If the court remains unserved with this motion then Gonzalez asks that he be given an extension of time in which to supply a recreated copy of his pleading.

To further complicate his situation, Gonzalez has previously asserted that he has fallen under attack by the prison's medical administration as a result of this court's inquiry into the treatment he has received from the prison to treat his COVID-19. It is undoubtably an affront to the prison that the government has formally declared that Gonzalez has been given no treatment at all and since Gonzalez' OSHA and DOJ-OIG exhibits demonstrate formal acknowledgement of the deficiencies of the Bureau of Prisons and of the Forrest City prison specifically, the prison has ceased providing Gonzalez with several of his Chronic care medications, making him sick and susceptible to further physical degeneration. Gonzalez will provide documentation and proof of this fact upon request by this court.

Gonzalez notified the court of this fact weeks ago in his Protective Order motion but has not been given notification of it's status or resolution.

In all, the circumstances and impediments faced by Gonzalez are beyond his ability to control and which impose upon him unreasonable burdens and deterrents in litigating this matter before this court. This, coupled with the complexity of his issues, and the hardships created by the mailroom demanding that he thrice pay for postage under the guise that his pleading requires more than the overpaid postage he has already included, are beyond the scope of what is normal in access to the courts. Gonzalez prays this court find he has been unreasonably impaired in this litigation and grants him counsel to finalize this matter while ensuring confidence in this court's just practice.

## Verification

I have read the foregoing Objection to Court's Order denying appointment of counsel and hereby verify that the matters alleged herein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true and correct. Executed at Forrest City, Arkansas on this 22nd day of September, 2020.

*[signature]*

Gabriel Gonzalez
Defendant, Pro Se

## Certificate of Service

I certify under the penalty of perjury that the foregoing Objection to Court's Order was placed in the prison's internal mail system, postage pre-paid, for service upon this court via U.S. mail on this 22nd day of September 2020 to 255 E. Temple Street, room 180 Los Angeles, California 90012. Gonzalez asks this court's clerk to serve all other interested parties by electronic notification and to provide him with a stamped filed copy of this motion.

*[signature]*

Gabriel Gonzalez
Defendant, Pro Se

MEMPHIS P&DC 381
WED 23 SEP 2020 AM

◇30515-112◇
U's Districtcourt
255 E Temple ST
Room 180
LOS Angeles, CA 90012
United States

CAS

RECEIVED
CLERK U.S. DISTRICT COURT
SEP 28 2020
CENTRAL DISTRICT OF CALIFORNIA
BY ____ DEPUTY

◇30515-112◇
Gabriel Gon
PO BOX 901
Federalcorre
Forrest CITY
United States