NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559
     Facsimile: (213) 894-3713
     E-mail:   kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 04-1189(A)-CAS |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE AND MOTION TO DISMISS DEFENDANT'S MOTION FOR EMERGENCY PROTECTIVE ORDER |
| v. | |
| GABRIEL GONZALEZ, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer, hereby files its response to this Court's order to show cause and

motion to dismiss defendant's motion for emergency protective order.

Dated: October 20, 2020          Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 BRANDON D. FOX
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                       /s/
                                 KAREN I. MEYER
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On August 31, 2020, defendant filed a motion for emergency protective order for Forrest City-FCI to be ordered to provide prescription antacid medication to defendant free of charge to treat his gastroesophageal reflux disease ("GERD"), (CR 222), despite Forrest City-FCI being in compliance with the Bureau of Prisons' policy regarding dispensation of medication.  Defendant asserts without support that he has been denied treatment because of his complaint over lack of treatment upon testing positive for COVID-19.  On October 6, 2020, this Court issued an order to show cause as to why the government should not continue to provide defendant his medication.

Defendant's motion should be dismissed because this Court does not have the authority to address conditions of confinement as part of defendant's criminal case.  Defendant is required to file a civil action pursuant to 28 U.S.C. § 1963 to challenge his prison conditions in a venue proper to hear such matters, which would be in the Eastern District of Arkansas, not the Central District of California.  Finally, any civil action cannot be brought until defendant exhausts his administrative remedies under the Prison Litigation Reform Act.

**II.   FACTS**

Defendant states that Forrest City-FCI has recently required him to purchase his antacid medication at the prison commissary, that he has been unable to obtain the medication in sufficient supply to last between periods when he has access to the commissary, and that

lockdown has made it difficult for him to earn enough at his prison law library job to purchase the medication. (Mot. at 2.) Defendant seeks an order that the facility continue to provide him his medication free of charge.

As reflected in the BOP's Program Statement, attached hereto as Exhibit A:

> Inmates may buy OTC medications which are available at the commissary. Inmates may also obtain OTC medications at sick call if the inmate does not already have the OTC medication and:
>
> a.   Health services staff determine that the inmate has an immediate medical need which must be addressed before his or her regularly scheduled commissary visit; or
>
> b.   The inmate is without funds.

Program Statement, Exhibit ("Ex.") A, at 1. An inmate without funds "is an inmate who has not had a trust fund account balance of $6.00 for the past 30 days." Id.

Emails between defendant and the facility indicate that as recently as September 14, 2020, defendant was advised to either purchase the medication through his trust fund account, or to obtain the medication through sick call.[1]  Emails, attached hereto as Ex. B. As noted above, for medication to be dispensed through sick call, health services staff must determine that the inmate "has an immediate medical need" before the inmate's next commissary visit.

Defendant has not provided any information that his trust fund account balance fell below the $6.00 monthly requirement that would

---

[1] It should be noted that in June 2020, defendant was given a prescription for Omeprazole for esophageal reflux. Medical Records, Ex. C.

2

obligate the facility to provide the medication free of charge, or that he has been denied medication through sick call despite a determination of "immediate medical need."

**III. ARGUMENT**

    **A.    This Court Has No Authority to Hear Defendant's Motion for Emergency Protective Order**

It is settled that an inmate's challenges to the *conditions* of his or her confinement are only properly asserted in a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 484, 498-499 (1973)(contrasting petitions for habeas relief with civil rights actions); United States v. Antonelli, 371 F.3d 360, 361 (7th Cir. 2004) (recognizing that a motion in a criminal case was actually a separate civil action raising a facial challenge to a BOP policy). "The practice in the Ninth Circuit long has been that challenges to conditions of confinement be brought in a civil rights complaint." McKinney v. Biter, 2016 WL 741984, *2 (N.D. Cal. 2/25/16) (citing Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method to challenge conditions of confinement), Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint)).

Further, such actions must be brought in the proper venue. "Venue generally is proper in a judicial district in which any defendant resides or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." McKinney, 2016 WL 741984, *2 (citing 28 U.S.C. § 1391(b)). As the

district court in McKinney noted, "[a] civil rights complaint about the conditions of confinement at Folsom State Prison in Sacramento County generally should be filed in the Eastern District of California.  A civil rights complaint about the conditions of confinement at Kern Valley State Prison in Kern County generally should be filed in the Eastern District of California.  A civil rights complaint about the conditions of confinement at Salinas Valley State Prison in Monterey County generally should be filed in the Northern District of California."  Id.

Similarly, any civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of defendant's confinement should be brought in the Eastern District of Arkansas, where Forrest City-FCI is located.  This Court does not have authority to direct the Federal Bureau of Prisons to provide defendant with medication at Forrest City-FCI in Forrest City, Arkansas, an institution well outside the geographical limits of the Central District of California.

**B.  Any Civil Rights Complaint Must Satisfy the Exhaustion Requirements of the Prison Litigation Reform Act**

Even if construed as a separate civil action filed in the proper venue, defendant's motion faces mandatory dismissal under the Prison Litigation Reform Act of 1995 ("PLRA").  Defendant cannot proceed with any claim without first satisfying the provisions of the PLRA, which contains a number of requirements that an inmate must fulfill before being able to proceed with an action, including the

4

requirement to exhaust administrative remedies before filing suit. See Booth v. Churner, 532 U.S. 731, 741 (2001); 42 U.S.C. § 1997e(a) (stating that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

An inmate's failure to exhaust administrative remedies prior to the filing of the district court complaint is an appropriate basis for dismissal.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988)); McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002)(dismissal is appropriate where the prisoner failed to exhaust administrative remedies prior to filing suit even though the prisoner was in the process of doing so during the course of the litigation).

The administrative remedy procedures for the BOP are set out at 28 C.F.R. §§ 542.10-542.19.  This program is a four-tiered review process comprised of an informal resolution process, and requests to the Warden, the Regional Director, and the Office of General Counsel. Specifically, inmates must generally first attempt to resolve their claims informally with the unit.  28 C.F.R. § 542.13(a).  If dissatisfied, the inmate must submit a formal administrative remedy

5

request to the warden using the BP-9 form.  28 C.F.R. § 542.14.  This institution-level remedy request submitted with the Warden is commonly referred to as a BP-9.  The inmate has 20 calendar days following the date on which the basis for the request occurred to file the BP-9.  28 C.F.R. § 542.14.

The warden's decision can be appealed to the Regional Director using the BP-10 form.  28 C.F.R. § 542.15(a).  Finally, if still dissatisfied, the inmate may further appeal to the General Counsel using the BP-11 form.  28 C.F.R. § 542.15(b).  Only after inmates complete this process may they bring their claims to court.  42 U.S.C. § 1997e.

Here, there is no evidence that defendant exhausted all of the remedies available.  Until he exhausts those remedies, defendant cannot apply to the court for relief.

**IV.  CONCLUSION**

Defendant's motion for emergency protective order should be dismissed because this Court has no authority to address defendant's conditions of confinement at a correctional facility located in the Eastern District of Arkansas.  Even if the Court could reach the merits of defendant's motion, the motion should be dismissed because defendant has provided no evidence that he has exhausted all administrative remedies.