O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. 2:04-cr-01189-CAS |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER DENYING DEFENDANT'S** |
|  | ) **MOTION FOR RECONSIDERATOIN** |
|  | ) **OF ORDER DENYING MOTION FOR** |
| GABRIEL GONZALEZ, | ) **REDUCTION IN SENTENCE UNDER** |
|  | ) **18 U.S.C. § 3582 AND THE CARES** |
| Defendant | ) **ACT OF 2020** |
|  | ) |

## I.   INTRODUCTION AND BACKGROUND

On August 25, 2004, a grand jury indicted defendant Gabriel Gonzalez ("Gonzalez"), a former Los Angeles County Sheriff's deputy, with acting under color of law in violation of 18 U.S.C. § 242. Dkt. 1. Specifically, the indictment charged Gonzalez with using his position as a law enforcement officer to coerce female victims into engaging in non-consensual, sexual acts. Id.

Gonzalez's trial commenced on February 14, 2006. Dkt. 78. On February 27, 2006, the jury returned its verdict, convicting Gonzalez on three counts of violating 18 U.S.C. § 242. Dkt. 103. On August 4, 2006, the Court sentenced Gonzalez to serve 360 months in prison, as well as a term of five years of supervised release. Dkt. 118.

On April 15, 2020, Gonzalez, acting *pro se*, filed a motion seeking compassionate release or, in the alternative, home confinement. Dkt. 202. On August 6, 2020, the Court denied Gonzalez's motion. Dkt. 217 ("Order"). Gonzalez subsequently filed several motions objecting to the Court's order and seeking consideration of additional evidence related to Gonzalez's medical condition.[1] Before the Court here are: (a) a supplemental reply motion, filed August 24, 2020; dkt. 220 ("Supp. Reply"); (b) objections to the Court's August 6, 2020 order, filed August 25, 2020; dkt. 219 ("Objections"); (c) a "reply to government's medical record inquiry," filed September 9, 2020; dkt. 225 ("Med. Reply"); (d) a motion to correct a clerical error regarding Gonzalez's reply exhibits, filed September 11, 2020; dkt. 228 ("Mot. to Correct"); and (e) Gonzalez's reply brief, attaching previously unfiled exhibits, filed September 22, 2020. Dkt. 229 ("Reply"). Taken together, these filings raise the same issues as those raised in Gonzalez's April 15, 2020 motion for compassionate release. Accordingly, the Court treats the instant motions together as a motion for reconsideration.

Having considered Gonzalez's arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (internal alterations omitted). "Compassionate release provides an exception" to this general rule "in extraordinary cases." United States v. Holden, No. 3:13-cr-00444-BR, 2020 WL 1673440, at *2 (D. Or. Apr. 6, 2020).

---

[1] The majority of Gonzalez's additional filings were first postmarked in July or August 2020 but were returned to Gonzalez as undeliverable. On September 10, 2020, after becoming aware that Gonzalez had experienced filing difficulties, the Court issued an order directing Gonzalez to resubmit any filings that were returned to him as undeliverable on or before September 25, 2020. See Dkt. 223.

Prior to December 21, 2018, "the Court could only reduce a sentence of imprisonment upon a motion of the Director of the Bureau of Prisons[.]" United States v. Esparza, No. 1:07-cr-00294-BLW, 2020 WL 1696084, at *1 n.1 (D. Idaho Apr. 7, 2020). But on December 21, 2018, Congress enacted—and the President signed into law—the First Step Act of 2018 ("the FSA"), "with the intent of 'increasing the use and transparency of compassionate release.'" United States v. Willis, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). Accordingly, the FSA now "permits defendants to bring their own motions for compassionate release after first exhausting their administrative remedies with the Bureau of Prisons." United States v. Ayon-Nunez, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *2 (E.D. Cal. Feb. 12, 2020). "Although relief under the statute is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." United States v. Marks, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020).

"Compassionate release is governed by 18 U.S.C. § 3582(c)." Willis, 382 F. Supp. 3d at 1187. The FSA modified Section 3582(c)(1)(A)(i) to allow for compassionate release when three requirements are met: "First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. Second, a district court may grant compassionate release only if 'extraordinary and compelling reasons warrant such a reduction' and 'that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.' Third, the district court must also consider 'the factors set forth in Section 3553(a) to the extent they are applicable.'" United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The FSA "grants broad discretion to the district courts in providing relief[.]" Jones v. United States, No. 4:98-cr-10-01, 2020 WL 219311, at *3 (E.D. Va. Jan. 6, 2020).

A motion for reconsideration may only be granted if : "(1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling

-3-

law." Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotation marks, citations, and alterations omitted). See also School Dist. No. 1J, Multnomah Cnty, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

### III.   DISCUSSION

Gonzalez initially filed a motion for compassionate release on April 15, 2020 and supplemented that motion on May 18, 2020. At that time, Gonzalez contended that his circumstances warranted compassionate release both due to alleged deficiencies in the BOP's general efforts to protect against the spread of COVID-19 at FCI Forrest City and due to the increased risk of severe COVID-19 complications posed by certain of Gonzalez's medical conditions. See Dkt. 202, dkt. 205. Gonzalez subsequently asserted that he had contracted COVID-19 at FCI Forrest City, dkt. 213, after which the government filed a supplemental brief indicating that: (1) Gonzalez tested positive for COVID-19 from a sample taken on May 13, 2020; (2) Gonzalez presented as asymptomatic and denied experiencing symptoms while infected; and (3) Gonzalez subsequently tested negative for COVID-19 on June 23, 2020. See Dkt. 216.

The Court considered Gonzalez's arguments and medical status and determined in its prior order that Gonzalez did not qualify for compassionate release, both because Gonzalez's medical condition—including his diagnosis with COVID-19 and subsequent recovery—did not present "extraordinary and compelling" reasons warranting a sentence reduction and because Gonzalez failed to establish that he is not a danger to the community. See Order at 4-8. Gonzalez now moves for reconsideration, principally raising issues that concern the period during which he was positive for COVID-19 and which are therefore not "new" for purposes of a motion to reconsider: (a) that he—contrary to the medical records filed by the government—experienced some symptoms associated with COVID-19 while infected, and (b) that he received inadequate medical care while infected. Dkt.

-4-

225-1; See generally Med. Reply; Objections. The only "new" circumstance Gonzalez raises at this time is his contention that he has continued to experience "mild-moderate" symptoms up until the present, after testing negative for COVID-19. Dkt. 225-1. As addressed below, that contention does not establish a basis for compassionate release.

Gonzalez has not raised any new facts, legal arguments, or other circumstances that justify revisiting, or altering, the Court's August 6, 2020 order denying Gonzalez's motion for reduction of sentence. With respect to Gonzalez's COVID-19 infection, which the Court addressed at length in its prior order, Gonzalez has presented no new facts regarding his medical condition *after* testing negative for COVID-19 on June 23, 2020 that would qualify him for compassionate release at this time. Gonzalez now disputes a portion of his medical records stating that he did not complain of COVID-19 symptoms while infected and states that he experienced symptoms including "chest aches, sh[o]rtness of breath, dizziness, fatigue, chills, inability to concentrate, and confusion" during the period covered by medical records filed by the government—between his May 2020 positive test for COVID-19 and his subsequent negative test for COVID-19 on June 23, 2020. See dkts. 225-1; 220-2; see also dkt. 216-1. Gonzalez also explains that he "intentionally chose not to declare his symptoms" to the prison medical staff because he did not wish to be housed in one of the prison's quarantine areas. Med. Reply at 2. Because those arguments address events that occurred prior to Gonzalez's recovery, they do not provide a basis for reconsideration of the Court's prior determination that because "Gonzalez ha[d] subsequently tested negative for COVID-19" no extraordinary and compelling reasons existed to warrant a reduction in his sentence. Order at 6; see also United States v. Stephens, No. 06-CR-20365, 2020 WL 5769125, at *6 (E.D. Mich. Sept. 28, 2020) ("where a defendant has contracted COVID-19 and recovered, his health condition is not extraordinary and compelling").

Gonzalez's only new contention is that he has "periodically experienced mild-moderate symptoms […] from 5/20 to present," a period that extends beyond his negative test on June 23, 2020. Dkt. 225-1. Gonzalez provides no additional evidence identifying

his present symptoms or otherwise suggesting that they are serious. Accordingly, Gonzalez's assertions that he is experiencing "mild-moderate" symptoms related to COVID-19, after having tested negative for the virus on June 23, 2020, do not provide any support for a conclusion that Gonzalez is currently severely ill. To the contrary, while Gonzalez "asserts that he continues to experience[] Covid-19-related health problems, those problems do not appear to be "extremely serious" and […] he seems to be in stable condition." United States v. Zubkov, No. 14-cr-00773-RA, 2020 WL 2520696, at *3 (S.D.N.Y. May 18, 2020) (publication forthcoming) (no extraordinary circumstances justified compassionate release for inmate who contracted symptomatic COVID-19 but subsequently "recovered"). As such, the Court concludes that Gonzalez's new statements regarding his medical condition do not present "extraordinary and compelling" reasons that warrant a reduction in sentence at this juncture. See e.g. United States v. Pinkston, No. 606-026-1, 2020 WL 3492035 (S.D. Ga. June 26, 2020) (denying compassionate release for 70-year-old inmate who contracted COVID-19 and subsequently "recovered" because the evidence demonstrated that his "health was not sufficiently compromised by COVID-19 to qualify as a serious medical condition"); accord Zubkov, 2020 WL 2520696 at *3.

Likewise, Gonzalez's various contentions that he is generally dissatisfied with BOP's management of COVID-19 and with the level of care he has received while at FCI Forrest City do not provide a basis for early release. See U.S.S.G. § 1B1.13(1)(A); Zubkov, 2020 WL 2520696 at * 4 (because inmate had "already contracted and recovered from COVID-19" the prison's overall ability to manage the spread of COVID-19 was "not relevant" to the question of whether he warranted compassionate release). With respect to treatment, Gonzalez's argument that he received no medical care for his COVID-19 infection other than "several weeks of routine temperature checks" was previously raised in his reply brief in support of his motion for compassionate release, and is therefore duplicative of issues the Court has already addressed. See dkt. 213 at 7. And, to the extent that Gonzalez's filings have raised any new issues regarding his treatment, the Court finds that they do not provide a valid basis for reconsideration of the Court's prior order because

Gonzalez has failed to adequately explain why he could not, through the exercise of reasonable diligence, have included all arguments and evidence regarding the adequacy of his treatment while infected in his reply briefing.[2] See also C.D. Cal. L.R. 7-18 ("A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that *in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision . . .*") (emphasis added).

Moreover, even accepting *arguendo* that Gonzalez could not have timely submitted his "new" evidence regarding his medical care, the emails and declarations Gonzalez has now filed do not support reconsideration of the Court's prior order because they do not raise any new facts demonstrating that Gonzalez has ever reported experiencing any symptoms requiring treatment to the prison medical team or been denied care for symptoms he reported. See e.g. Objections at 3-8; dkt. 220-2. And the government's prior submissions "belie any suggestion that BOP medical personnel have disregarded [Gonzalez's] recent health issues." Zubkov, 2020 WL 2520696 at * 4. To the contrary, the medical records reflect that Gonzalez both was "screened for COVID-19 symptoms" and received a temperature check on an almost daily basis between his initial positive test and subsequent negative test for COVID-19, but that Gonzalez never developed a fever and never reported experiencing symptoms to any member of the medical staff. See generally

---

[2] Gonzalez has subsequently represented that he has had filings "returned to him as undeliverable" due to "interference with his legal mail filings." See Dkts. 218, 219. A review of the record indicates that those issues were caused not by interference in the face of reasonable diligence, but by clerical errors: either (a) use of an incorrect court mailing address, or (b) insufficient postage. See Dkt. 227. Moreover, the existence of those supplemental filings does not demonstrate that Gonzalez exercised reasonable diligence in presenting all arguments and evidence known to him to the Court in advance of the August 6, 2020 order, because Gonzalez's filings attaching evidence related to his treatment are dated *after* that order. See Med. Reply at 6 (dated August 11, 2020); Objections at 2 (dated August 19, 2020)

Dkt. 216-1; <u>United States v. Bogdanoff</u>, No. 12-CR-0190-1, 2020 WL 2307315, at *5 (E.D. Pa. May 8, 2020) (publication forthcoming) (denying compassionate release for inmate who had reported no symptoms, observing that "BOP officials are monitoring [the inmate] daily, taking his temperature each day, and continue to report that he remains asymptomatic").

As such, Gonzalez has submitted no evidence or argument in support of his motion for reconsideration that justifies revisiting the Court's determination that Gonzalez's medical condition, including his positive test for COVID-19, did not present "extraordinary and compelling circumstances" warranting compassionate release.

Moreover, Gonzalez has presented no new facts, legal arguments, or other circumstances that would justify revisiting the Court's prior determination that Gonzalez would present a danger to the community if granted compassionate release given the nature of his underlying misconduct. <u>See</u> Order at 7.

### IV.   CONCLUSION

For the foregoing reasons, Gonzalez's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

DATED:  October 22, 2020

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE