STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8559
     Facsimile: (213) 894-3713
     E-mail:    kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 04-1189(A)-CAS |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF SUPERVISED RELEASE CONDITION |
| v. | |
| GABRIEL GONZALEZ, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer, hereby files this opposition to defendant's motion for modification of supervised release condition.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: August 29, 2022              Respectfully submitted,

                                    STEPHANIE S. CHRISTENSEN
                                    Acting United States Attorney

                                    SCOTT M. GARRINGER
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    KAREN I. MEYER
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND BACKGROUND**

Defendant used his badge and former position as a law enforcement officer to harass, molest, rape, and obtain sexual favors from vulnerable women who complied with defendant's orders out of fear.  In 2006, defendant went to trial and was convicted on all three counts of the Amended First Superseding Indictment of violating 18 U.S.C. § 242.  This Court sentenced defendant to 360 months' imprisonment and five years supervised release.  (CR 117.)  As one of the conditions of supervised release, this Court imposed a requirement that defendant "register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer."  (CR 118.)

Defendant is incarcerated at FCI-Forrest City Low in Forrest City, Arkansas.  His projected release date is September 17, 2031.

On July 25, 2022, defendant filed a Motion for Modification of Supervised Release Condition (CR 247) ("Mot."), in which he asks this Court to remove the condition requiring him to register as a sex offender while on supervised release, arguing that this condition is illegal.  Because this registration condition is not illegal, defendant's request should be denied.

**II.   ARGUMENT**

   **A.   Defendant's Registration Condition Is Not Illegal**

Defendant's sex offender registration condition is not illegal under the Third Circuit's decision in United States v. Icker, 13 F.4th 321 (3d Cir. 2021), as defendant states, (Mot. at 4), because this Court did not require defendant to register under the federal

Sex Offender Registration and Notification Act ("SORNA") statute. In Icker, defendant was also a law enforcement officer who used his badge to force women under color of law to submit to his acts of sexual molestation and to his sexual demands. Id. at 323. The district court mandated that as a condition of supervised release, defendant had to comply with SORNA as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency where he resided, worked, or was a student. Id. The Third Circuit held that a district court could not order as a matter of discretion a defendant to register under SORNA where defendant had not been convicted of a "sex offense," and because 18 U.S.C. § 242 was not a qualifying sex offense under the SORNA statute, imposition of such a condition constituted plain error. Id. The Third Circuit also reasoned that allowing the district court to impose such a condition impermissibly broadened the SORNA statute and its application. Id. at 329 ("the plain language of SORNA does not anticipate any discretionary application of its requirements").

That is not the condition that the Court imposed in this case. Here, this Court required defendant to "register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer." (CR 118.) Thus, this Court did not order defendant to comply with SORNA, and therefore, was not bound by SORNA's statutory language defining a "sex offense."

    **B.   Even Assuming Arguendo the Condition was Illegal, Section 3583(a)(2) Does Not Authorize a District Court to Modify a Supervised Release Condition for Illegality**

Even assuming arguendo this Court's registration condition was illegal, 18 U.S.C. § 3583(e)(2) does not authorize a district court

2

to modify conditions of supervised release based on illegality.  As the language of 18 U.S.C. § 3583(e)(2) specifies, the court may modify, reduce, or enlarge the conditions of supervised release at any time prior to the expiration or termination of the term of supervised release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  The Ninth Circuit in United States v. Gross, 307 F.3d 1043 (9th Cir. 2002) agreed with the district court's determination that "under 18 U.S.C. § 3583(e)(2), it had authority to modify [supervised release] conditions upon consideration of certain statutorily enumerated factors, but not the factor of illegality." Gross, 307 F.3d at 1044.  The Ninth Circuit noted that the list under Section 3553(a) included "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines," but that "[c]onspicuously absent from this list of relevant factors is illegality."  Id. (emphasis added).  Thus, illegality is not a proper ground for modification and any interpretation authorizing Section 3583(e)(2) to modify or rescind an allegedly illegal supervised release condition would frustrate congressional intent.  Id.  See also United States v. Cate, 971 F.3d 1054, 1058 (9th Cir. 2020) (citing Gross with approval).  Instead, defendant may challenge the legality of a supervised release condition only in the following ways:  (1) on direct appeal; (2) by filing a collateral Section 2255 habeas corpus petition; or (3) by filng a Rule 35 motion, (id.), none of which defendant did here.

### III. CONCLUSION

This Court should deny defendant's motion because the supervised release condition requiring defendant to register as a sex offender pursuant to a state sex offender registration agency is a valid condition.