UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES – GENERAL   'O'

| Case No. | 2:04-CR-01189-CAS | | Date | November 3, 2022 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |

| Catherine Jeang | Not Present | Karen Meyer, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorney for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| GABRIEL GONZALEZ, PRO PER | NOT | X | | | | | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR MODIFICATION OF SUPERVISED RELEASE CONDITION (Dkt. 247, filed on JULY 25, 2022)

DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 241, filed on AUGUST 22, 2022)

## I.   INTRODUCTION AND BACKGROUND

Presently before this Court are defendant Gabriel Gonzalez's ("Gonzalez") motion to modify the condition of his supervised release, dkt. 247 ("Sup. Release Mot."), and motion for appointment of counsel, dkt. 251 ("Counsel Mot.").

On August 25, 2004, a grand jury charged defendant Gabriel Gonzalez ("Gonzalez"), a former Los Angeles County Sheriff's deputy, with acting under color of law in violation of 18 U.S.C. § 242. Dkt. 1. Specifically, the indictment charged Gonzalez with using his position as a law enforcement officer to coerce female victims into engaging in non-consensual, sexual acts. Id.

Gonzalez's trial commenced on February 14, 2006. Dkt. 78. On February 27, 2006, the jury returned its verdict, convicting Gonzalez on three counts of violating 18 U.S.C. § 242. Dkt. 103. On August 4, 2006, the Court sentenced Gonzalez to serve 360 months in prison, as well as a term of five years of supervised release. Dkt. 118.

On July 25, 2022, defendant filed the motion to modify a condition of his supervised release. See Sup. Release Mot. On August 29, 2022, plaintiff filed its opposition. Dkt. 250 ("Opp."). On September 26, 2022, defendant filed a reply. Dkt. 252 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**     'O'

On August 22, 2022, defendant also filed a motion to be appointed counsel.  See Counsel Mot.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     MOTION TO MODIFY SUPERVISED RELEASE

Defendant's supervised release contains several conditions, including that "[t]he defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.  The defendant shall provide proof of registration to the Probation Officer within three (3) days of release from imprisonment." Dkt. 118.

Defendant challenges the legality of this condition on several grounds, including that it violates the federal Sex Offender Registration Act, and is otherwise unconstitutional.  See Sup. Release Mot. at 2–6; Reply at 4–7.

Plaintiff disputes the merits of defendant's contentions, but also contends that the applicable law does not authorize this Court to modify a supervised release condition for illegality.  See Opp. at 2–3.  Instead, "defendant may challenge the legality of a supervised release condition only in the following ways: (1) on direct appeal; (2) by filing a collateral Section 2255 habeas corpus petition; or (3) by filing a Rule 35 motion . . . none of which defendant did here." Id. at 3.

The Court agrees with plaintiff that the Court cannot modify defendant's supervised release condition on the grounds of illegality.  18 U.S.C. Section 3783(e)(2) establishes a district court's ability to modify the terms of supervised release and specifies that the court may modify, reduce, or enlarge the conditions of supervised release at any time prior to the expiration or termination of the term of supervised release "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  As the Ninth Circuit has repeatedly and clearly held, a district court under 18 U.S.C. Section 3783(e)(2) has the "authority to modify these conditions upon consideration of certain statutorily enumerated factors, but not the factor of illegality." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002); accord United States v. Cate, 971 F.3d 1054, 1058 (9th Cir. 2020). "It would frustrate Congress's intent if this court were to interpret § 3583(e)(2) to authorize a district court to modify or rescind an allegedly illegal condition." Id.

Accordingly, the Court denies defendant's motion to modify his supervised release condition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**　　　　'O'

### III. MOTION FOR APPOINTMENT OF COUNSEL

Additionally, defendant asks the Court to appoint him counsel on the basis that he is "uneducated, untrained, and inexperienced in matters involving formal litigation." Counsel Mot. at 1; but see United States v. Gonzalez, 533 F.3d 1057, 1064 (9th Cir. 2008) (noting that defendant Gonzalez was a "graduate of California State University at Long Beach [and] had been a member of the Los Angeles Sheriff's Department since 1997").

The decision whether to appoint counsel under 28 U.S.C. § 1915(e) "is within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). "A finding of the exceptional circumstances . . . requires at least (1) an evaluation of the likelihood of the plaintiff's success on the merits and (2) an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." Id. (citation omitted).

Defendant simply fails to present any showing of "exceptional circumstances" warranting appointment of counsel. Accordingly, his motion is denied.

### IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for modification of supervised release and motion for appointment of counsel. Dkts. 247, 251.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |