UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**   'O'

| Case No. | 2:04-CR-01189-CAS | | Date | April 20, 2023 |
|---|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | | |
| Interpreter | N/A | | | |
| Catherine Jeang | | Not Present | | Karen Meyer, Not Present |
| *Deputy Clerk* | | *Court Reporter* | | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Custody | Bond | Attorney for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| GABRIEL GONZALEZ, PRO SE | NOT | X | | | | | |

**Proceedings:**   (IN CHAMBERS):

- DEFENDANT'S MOTION FOR RECONSIDERATION (Dkt. 254, filed on NOVEMBER 16, 2022)[1]; AND
- DEFENDANT'S SECOND MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 257, filed on AUGUST 22, 2022)

## I.   INTRODUCTION AND BACKGROUND

Presently before this Court are defendant Gabriel Gonzalez's ("Gonzalez") motion for reconsideration of this Court's denial of his motion to modify the condition of his supervised release, dkt. 254 ("Reconsideration Mot."), and second motion for appointment of counsel, dkt. 257 ("Counsel Mot.").

On August 25, 2004, a grand jury charged defendant Gabriel Gonzalez ("Gonzalez"), a former Los Angeles County Sheriff's deputy, with acting under color of law in violation of 18 U.S.C. § 242. Dkt. 1. Specifically, the indictment charged Gonzalez with using his position as a law enforcement officer to coerce female victims into engaging in non-consensual, sexual acts. Id.

Gonzalez's trial commenced on February 14, 2006. Dkt. 78. On February 27, 2006, the jury returned its verdict, convicting Gonzalez on three counts of violating 18 U.S.C. § 242. Dkt. 103. On August 4, 2006, the Court sentenced Gonzalez to serve 360 months in prison, as well as a term of five years of supervised release. Dkt. 118.

---

[1] Defendant's motion for reconsideration was file-stamped October 14, 2022, but it appeared on the docket on November 16, 2022. As the government notes in its briefing, "[g]overnment counsel believes the October 14, 2022, is a clerical error because this Court's decision was not filed until November 3, 2022." Dkt. 256 at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**         **'O'**

On July 25, 2022, defendant filed the motion to modify a condition of his supervised release. See Dkt. 247. On August 22, 2022, defendant also filed a motion for appointment of counsel. See Dkt. 251.

On November 3, 2022, the Court denied both motions. See Dkt. 253. As to defendant's motion to modify a condition of his supervised release, the Court concluded that the "Court cannot modify defendant's supervised release condition on the grounds of illegality." Id. As to defendants' motion for appointment of counsel, the Court concluded that "[d]efendant simply fails to present any showing of 'exceptional circumstances' warranting appointment of counsel." Id.

Defendant filed the present motion for reconsideration of his motion to modify a condition of his supervised release, docketed on November 16, 2022. See Reconsideration Mot. On December 8, 2022, the government filed an opposition. Dkt. 256 ("Opp."). On February 21, 2023, defendant filed a reply. Dkt. 263 ("Reply"). Additionally, defendant filed a second motion for appointment of counsel on December 6, 2022. See Counsel Mot.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

In this judicial district,

> [a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion. Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

C.D. Cal. Local R. 7-18; Local Crim. R. 57-1 (providing that Local Civil Rules apply in criminal proceedings "[w]hen applicable directly or by analogy"). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**   'O'

### III.   MOTION FOR RECONSIDERATION

Defendant's supervised release contains several conditions, including that "[t]he defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer. The defendant shall provide proof of registration to the Probation Officer within three (3) days of release from imprisonment." Dkt. 118.

As set forth above, in the Court's November 2022 Order denying defendant's motion to modify a condition of his supervised release, the Court concluded that the "Court cannot modify defendant's supervised release condition on the grounds of illegality." Id. In support of this conclusion, the Court cited to the Ninth Circuit's opinion in United States v. Gross, which held that "Congress, by enacting the Sentencing Reform Act of 1984, limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within [14] days of the district court's decision, Rule 35(c) motion." United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002); accord United States v. Cate, 971 F.3d 1054, 1058 (9th Cir. 2020).

In his motion for reconsideration, defendant contends that his "issue" with the condition of his supervised release "was not intended to be strictly construed under an 'illegality' standard." Reconsideration Mot. at 2. Rather, defendant "simply wishes for this court to address the fact that [sex offender] registration, in this matter, is statutorily inapplicable as a matter of law." Id. In the alternative, defendant asks that this Court "decide under this matter under an alternative mechanism, such as a Rule 35 motion." Id. at 3.

In opposition, the government argues that defendant has not presented any ground under Local R. 7-18 to justify granting a motion for reconsideration. Opp. at 2. The government also notes that defendant's attempt to have the court find that the sex offender registration is "statutorily inapplicable as a matter of law" is exactly the same as the illegality claim raised and rejected in his initial motion. Id. at 3. Additionally, the government argues that the three procedural mechanisms identified in Gross to challenge the legality of a supervised release condition are now barred for defendant.

In reply, defendant suggests that a Rule 35 motion is not time-barred, citing to the 1966 Advisory Committee Notes and Amendment. Reply at 3. Additionally, defendant asks the Court to "examine[]" his registration requirement in light of an order from another court in this district in John Doe v. U.S. Department of Justice, No. 5:22-cv-00855-JGB-SP (C.D. Cal. Jan. 13, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**　　　　**'O'**

The Court concludes that defendant's contentions about the "procedural applicability" of his registration requirement simply repeats the illegality arguments raised and rejected in his initial motion. Indeed, nearly all of defendant's arguments in his motion for reconsideration briefing could have been raised in his initial motion filed in July 2022. "A motion for reconsideration is not a vehicle to reargue the motion." Brown v. United States, No. CR 03-847 ABC, 2011 WL 333380, at *3 (C.D. Cal. Jan. 31, 2011) (citation omitted).

Moreover, the three procedural mechanisms identified in Gross to challenge the legality of a supervised release condition are time-barred for defendant. First, defendant did not challenge the legality of this condition on direct appeal. See Opp. at 4 (citing Dkt. 62-1). Second, a Section 2255 habeas corpus portion would be untimely because the statute of limitations is one year. See 28 U.S.C. § 2255(f). Finally, the operative version of Rule 35 provides a 14 day time limit to correct a sentence for clear error. Fed. R. Crim. P. 35(a); see also United States v. Phillips, 597 F.3d 1190, 1197 (11th Cir. 2010) (noting that the "time limit in Rule 35(a) is jurisdictional" and that "there exists no inherent authority for a district court to modify a sentence"). Defendant's arguments relate to a decades-old version of Rule 35 that has since undergone significant revisions. See, e.g., Advisory Committee Notes on 2002 Amendments to Fed. R. Crim. P. 35 (discussing amendment to Subsection (a)).

Finally, the order in John Doe v. U.S. Department of Justice is not relevant to this motion or to defendant's registration condition of supervised release. In John Doe, the court issued a preliminary injunction enjoining the U.S. Department of Justice from prosecuting a specific violation of the federal Sex Offender Registration and Notification Act's ("SORNA") registration requirements. Here, however, defendant's registration condition of his supervised release was imposed in accordance with this Court's discretionary authority under 18 U.S.C. §§ 3563(b) and 3583(d), and not pursuant to SORNA.

Accordingly, the Court denies defendant's motion for reconsideration.

## IV.　MOTION FOR APPOINTMENT OF COUNSEL

Defendant again asks the Court to appoint him counsel. He contends that his "shortcomings in matters of litigation have created an unnecessary burden upon this [C]ourt." Counsel Mot. at 1.

As previously set forth, the decision whether to appoint counsel under 28 U.S.C. § 1915(e) "is within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted). "A finding of the exceptional circumstances . . . requires at least (1) an evaluation of the likelihood of the plaintiff's success on the merits and (2) an evaluation of the plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CRIMINAL MINUTES – GENERAL            'O'

ability to articulate his claims in light of the complexity of the legal issues involved." Id. (citation omitted).

The Court already concluded that "[d]efendant simply fails to present any showing of 'exceptional circumstances' warranting appointment of counsel." Id. Defendant's second motion merely advances arguments that were or could have been raised in prior filings. There is no basis under the circumstances of this case to appoint counsel for defendant. His motion is denied.

V.      CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for reconsideration and second motion for appointment of counsel. Dkts. 254, 257.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |